IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00816-KLM

PROCESS POINT ENERGY SERVICES, LLC,

    Plaintiff,

v.

GENERATOR SOURCE, LLC,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Order to Show Cause** [#38][1] (the "Motion"). Defendant filed a Response [#40] (the "Response"), and Plaintiff filed a Reply [#43]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set for below, the Motion [#38] is **DENIED without prejudice**.[2]

## I. Background

---

[1]   [#38] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). The convention is used throughout this Order.

[2]   This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), Fed R. Civ. P. 73, and D.C.COLO.LCiv.R 72.2 on consent of the parties. *See* [#22, #23].

This dispute arises out of the alleged unlawful sale of a Caterpillar Generator, Model C175-20,[3] Serial Number BXR02142, (the "Generator") owned by Plaintiff. *Compl.* [#1] at 3, 7. Plaintiff asserts that it bought the Generator in October 2019 from Mustang Cat in Houston, Texas, for the price of $1,093,110.00. *Id.* The Generator was built based on certain specifications required by Plaintiff's customer, and Plaintiff subsequently engaged Gulf and Western, Industries, LLC ("G&W") to perform additional, customized work on the Generator and other industrial equipment. *Id.* Plaintiff further asserts that it delivered the Generator to G&W, based in Humble, Texas, for G&W to perform this work. *Id.*

Plaintiff alleges that, in late 2019, G&W's financial condition became "dire." *Id.* at 4. Around this time, Plaintiff received a Notice of Assignment stating that "G&W had 'factored' its invoices and that all future payments should be made to New Century Financial Inc." *Id.* (internal quotations omitted). Plaintiff asserts that, following the Notice of Assignment, it received two invoices regarding the Generator and timely paid those invoices in full as an advance on work to be performed by G&W. *Id.* at 4. Plaintiff states that, "at all times relevant," it was current on all invoices concerning the Generator and had paid sums in advance of G&W performing work on the Generator equaling seventy-five percent of the total project price. *Id.* at 5.

On February 4, 2021, G&W's alleged sale of the Generator to Defendant came to Plaintiff's attention through a contact in the industry, *id.* at 4-5, although Plaintiff was not aware of the specific buyer at that time. *See id.* at 6. Plaintiff alleges that G&W sold the

---

[3] Throughout the briefs, the model number appears to be referred to interchangeably as both "C175," *see, e.g., Compl.* [#1] at 1, 3; *Ex. 1 to Compl.* [#1-1] at 2, and "C175-20," *see, e.g., Compl.* [#1] at 7; *Ex. 7 to Complaint* [#1-7] at 2, 4.

Generator to Defendant for approximately $300,000 and asserts that it did not receive any advance notice from any party about the sale of its Generator. *Id.* at 4-5. Later in February 2021, Todd Rutherford, Plaintiff's Chief Executive Officer ("CEO"), traveled to G&W's location in Humble, Texas, to confirm that G&W had in fact sold the Generator. *Id.* at 5. Plaintiff asserts that he inquired of a G&W employee why G&W sold the Generator, to which the employee allegedly responded that the bank was "breathing down their necks." *Id.* Plaintiff alleges that, at the time of the sale, G&W did not possess a valid claim, title, or interest in the Generator that would authorize G&W to sell, transfer, or convey it. *Id.*

In March 2021, Plaintiff discovered that its Generator was in Brighton, Colorado, and in the possession of Defendant. *Id.* at 6. As of the March 19, 2021 filing of the initial Complaint [#1], Defendant's website listed Plaintiff's Generator for sale with a purchase price of $750,000.00. *Id.* Plaintiff asserts that the website additionally lists the unique identifiers of the Generator, i.e., a 2019 Caterpillar Diesel Generator, the model number C175-20, and the serial number BXR02142. *Id.* at 7. Plaintiff asserts that Defendant regularly ships generators to customers in the United States and Canada and alleges that Defendant has exercised complete dominion and control over the Generator and deprived Plaintiff of any use of its property. *Id.* Plaintiff alleges that Defendant's acquisition of the Generator occurred as a direct result of the unlawful sale by G&W and that Plaintiff is unable to fulfill its contractual obligation to its client as a result. *Id.*

Meanwhile, on February 10, 2021, prior to Plaintiff's discovery of its Generator in Brighton, Colorado, Plaintiff had filed a Verified Original Petition and Application for Temporary Restraining Order, Application for Temporary and Permanent Injunction,

Action for Declaratory Judgment, and Motion to Compel Specific Performance against G&W in the District Court of Harris County, Texas. *Compl.* [#1] at 5-6. G&W subsequently entered into an agreed Temporary Restraining Order and an Agreed Temporary Injunction which Plaintiff asserts precludes G&W from moving, selling, pledging as collateral, damaging, or disposing of certain equipment owned by Plaintiff that is in G&W's possession. *Id.* at 6. However, this injunction appears to have been entered too late for Plaintiff's purposes, as the Generator was no longer in G&W's possession. On March 19, 2021, after having discovered the Generator's location in Colorado, Plaintiff filed its Complaint [#1] against Defendant in the United States District Court for the District of Colorado, commencing this action. *See generally id.*

## II. Legal Standard

Plaintiff seeks the immediate return of its property in accordance with Fed. R. Civ. P. 64 and Colo. R. Civ. P. 104. *Motion* [#38] at 1. Generally, the remedy of replevin permits a court to compel a person to return wrongfully possessed property to the rightful owner. *See generally Wyatt v. Cole*, 504 U.S. 158, 158 (1992); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 774 (10th Cir. 1997). Under Fed. R. Civ. P. 64(a), "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(b) explicitly applies to replevin remedies, incorporating Colo. R. Civ. P. 104. *See, e.g.*, *Vreeland v. Polis*, No. 20-cv-02420-PAB-SKC, 2021 WL 4398602, at *3 (D. Colo. Sept. 27, 2021) (citing *Bank of Colo. v. Wilbaux 1, LLC*, No. 17-cv-02871-CMA-SKC, Docket No. 30 at 1-2 (D. Colo. Jan. 9, 2018) (issuing order to show cause "pursuant to Colorado

Rule of Civil Procedure 104(c), as incorporated and made applicable by Federal Rule of Civil Procedure 64")).

Colo. R. Civ. P. 104(b) provides that a plaintiff bringing an action for replevin must show by verified complaint or by complaint and affidavit under penalty of perjury:

> (1) [t]hat the plaintiff is the owner of the property claimed or is entitled to possession thereof and the source of such title or right; and if plaintiff's interest in such property is based upon a written instrument, a copy thereof shall be attached;
>
> (2) [t]hat the property is being detained by the defendant against the plaintiff's claim of right to possession; the means by which the defendant came into possession thereof, and the specific facts constituting detention against the right of the plaintiff to possession;
>
> (3) [a] particular description of the property, a statement of its actual value, and a statement to [its] best knowledge, information and belief concerning the location of the property and of the residence and business address, if any, of the defendant;
>
> (4) [t]hat the property has not been taken for a tax assessment or fine pursuant to a statute; or seized under and execution against the property of the plaintiff; or if so seized, that it is by statute exempt from seizure.

See also Vreeland, 2021 WL 4398602, at *3. Colo. R. Civ. P. 104(c) requires the court to "issue an order directed to the defendant to show cause why the property should not be taken from the defendant and delivered to the plaintiff" if the complaint satisfies these four requirements. Colo. R. Civ. P. 104(c).

### III. Analysis

Plaintiff filed the Complaint [#1] on March 19, 2021. The Complaint [#1] is a "verified complaint" as required by the Colorado Rules of Civil Procedure. See Colo. R. Civ. P. 104(b) ("Where a delivery is claimed, the plaintiff, his agent or attorney, or some credible person for him, shall, by verified complaint or by complaint and affidavit under penalty of perjury show to the court as follows . . . ."). A verified complaint means that the

plaintiff or its counsel has sworn to the allegations therein. *See, e.g.*, *The N.M. Elks Ass'n v. Grisham*, No. 21-0354 KG/LF, 2022 WL 980245, at *7 (D.N.M. Mar. 31, 2022). Here, Plaintiff's attorney signed and swore to the Complaint [#1], "verify[ing] that the facts contained in the Verified Complaint are true and correct." *Compl.* [#1] at 14. The Court therefore turns to the four enumerated requirements of Colo. R. Civ. P. 104(b).

**A.      The Plaintiff Is the Owner of the Property**

Colo. R. Civ. P. 104(b)(1) requires Plaintiff to show that it "is the owner of the property claimed or is entitled to possession thereof and the source of such title or right . . . ." Plaintiff asserts that it bought the Generator from Mustang Cat in October 2019 for a total purchase price of $1,093,110.00. *Compl.* [#1] at 3. Exhibit 1 [#1-1] to the Complaint [#1] includes an invoice for a sale of equipment by Mustang Cat in Houston, Texas, to Plaintiff on October 29, 2019. *Ex. 1* [#1-1] at 1. This invoice features the model number C175 and the serial number BXR02142, matching the specifications of the Generator at issue. *Id.*; *Compl.* [#1] at 3. The listed payment amount for the Generator alone is $996,000.00; adding the listed taxes and surcharge, the total cost reflects the $1,093,110.00 price point alleged by Plaintiff. *Id.* Thus, Plaintiff has adequately alleged that it owns the Generator and argues that at no time while performing work on the Generator did G&W possess a valid claim, title, or interest in the Generator that would authorize G&W to sell, transfer, or convey the Generator to anyone. *See Motion* [#38] at 9 (citing *Compl.* [#1] at 3, 5, 8).

Plaintiff asserts that, in February 2021, it discovered that G&W had unlawfully sold the Generator. *Motion* [#38] at 10. Plaintiff asserted the same in its February 10, 2021 Original Petition and Application for Temporary Restraining Order [#1-5] in the District

Court of Harris County, Texas.  *Ex. 5* [#1-5] at 2-3.  In March 2021, Plaintiff learned that the Generator was in the possession of Defendant.  *Compl.* [#1] at 6.  On Defendant's website, the Generator, Model C175-20, Serial Number BXR02142 is listed for sale.  *Id.* at 7; *Ex. 7* [#1-7] at 2.  Exhibit [#1-7] includes an email conversation with an asset manager for Defendant, further confirming the model and serial numbers of the listed generator with the Generator at issue.  *Ex. 7* [#1-7] at 3-4.

In response, Defendant asserts that it is a good faith purchaser under Colo. Rev. Stat. § 4–2–403.  *Response* [#40] at 5.  This affirmative defense certainly may be asserted in affidavits or testimony in connection with a Rule 104 show cause hearing, but, according to Colo. R. Civ. P. 104(c), "[t]he court shall . . . examine the complaint and affidavit" exclusively when determining whether to order a show cause hearing.  Thus, the good-faith purchaser defense is immaterial at this stage, and the focus for replevin relief is on the statements made by Plaintiff in its Complaint [#1].  The Complaint [#1] and attached exhibits affirm Plaintiff's claim that the Generator is its personal property, and the Court therefore finds that Plaintiff has satisfied Colo. R. Civ. P. 104(b)(1).

**B.     The Property Is Being Detained by Defendant**

Colo R. Civ. P. 104(b)(2) requires Plaintiff to show that "the property is being detained by the defendant against the plaintiff's claim of right to possession; the means by which the defendant came into possession thereof, and the specific facts constituting detention against the right of the plaintiff to possession[.]"  In February 2021, Plaintiff's CEO traveled to G&W's location in Humble, Texas, confirmed the Generator was no longer in G&W's possession, and confirmed that G&W had sold the Generator.  *Compl.* [#1] at 5.  Plaintiff asserts that it discovered that Defendant had possession of the

Generator in March 2021. *Id.* at 6. On Defendant's website, the Generator, Model C175-20, Serial Number BXR02142 is listed for sale. *Id.* at 7; *Ex.* [#1-7] at 2. Exhibit 7 [#1-7] includes an email conversation with an asset manager of Defendant, further confirming the model and serial numbers of the listed generator with the Generator at issue. *Id.* at 3-4. Defendant does not dispute that it has the Generator in its possession. *See generally Response* [#40]. Thus, based on the Complaint [#1], Plaintiff has sufficiently alleged that its Generator is being detained by Defendant against Plaintiff's claim of right to possession. The Court therefore finds that Plaintiff has satisfied Colo. R. Civ. P. 104(b)(2).

**C.   The Property Has Not Been Statutorily Seized**

Turning next to Colo. R. Civ. P. 104(b)(4), this section requires Plaintiff to show that "the property has not been taken for a tax assessment or fine pursuant to a statute; or seized under an execution against the property of the plaintiff[.] . . ." Neither Plaintiff nor Defendant asserts that the Generator was statutorily seized, and there are no allegations indicating otherwise. *See generally Compl.* [#1]. The Court therefore finds that Plaintiff has satisfied Colo. R. Civ. P. 104(b)(4).

**D.   The Description and Location of the Property**

Returning to Colo. R. Civ. P. 104(b)(3), this section requires Plaintiff to provide "[a] particular description of the property, a statement of its actual value, and a statement to his best knowledge, information and belief concerning the location of the property and of the residence and business address, if any, of the defendant[.]" Plaintiff has specifically identified the Generator, given the allegations regarding Plaintiff's purchase of the equipment and of the identifiable characteristics of the Generator possessed by

Defendant.  *Comp.* [#1] at 3 ("Caterpillar Generator, Model C175, Serial Number BXR02142"); *Ex. 1* [#1-1] at 2 (an equipment invoice from Plaintiff's October 2019 purchase of the Generator with listed model number C175 and serial number BXR02142); *Ex.* [#1-7] at 2 (listing on Defendant's website of a Caterpillar generator, model number C175-20 and serial number BXR02142).  Plaintiff alleges it bought this Generator for a purchase price of $1,093,110.00 and it is listed for sale by Defendant for a purchase price of $750,000.00.  *Compl.* [#1] at 3, 6.  Plaintiff further alleges that the Generator is at Defendant's retail location in Brighton, Colorado.  *Id.* at 6, 8.

However, these allegations, on their own, do not appear to be adequate to meet the requirements of Colo. R. Civ. P. 104(b)(3).  This rule requires Plaintiff to provide ". . . a statement to [its] best knowledge, information and belief concerning the location of the property *and the residence and business address*, if any, of the defendant[.]"  Colo. R. Civ. P. 104(b)(3) (emphasis added).  Plaintiff fails to list Defendant's business address in the Complaint [#1], merely stating, instead, that Defendant has its principal place of business in Brighton, Colorado.  *Compl.* [#1] at 2.  There is every indication in the Complaint [#1] that Plaintiff has this information, i.e., the specific business address of Defendant, but that information has not been provided in the Complaint [#1] or in the Complaint's attached Exhibits [#1-1], [#1-2], [#1-3], [#1-4], [#1-5], [#1-6], [#1-7], and [#1-8], as is required by Colo. R. Civ. P. 104(b)(3).  Therefore, the Court finds that Plaintiff has failed to satisfy the requirements of Colo. R. Civ. P. 104(b)(3).

### IV. Conclusion

Plaintiff is required to satisfy all requirements of Colo. R. Civ. P. 104(b) before the Court may issue an order to show cause.  Plaintiff has failed to do so.  Accordingly,

-10-

IT IS HEREBY **ORDERED** that the Motion [#38] is **DENIED without prejudice**.

Dated: April 14, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge